UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FUELS MARKETING, INC.,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-20-1226-G |
| | ) |
| **MIDCON GATHERING, LLC a/k/a** | ) |
| **MIDCON FUEL SERVICES, LLC,** | ) |
| | ) |
|    **Defendant.** | ) |

## ORDER

Now before the Court are (1) Defendant's Motion for a More Definite Statement (Doc. No. 2), (2) Plaintiff's Motion to Remand (Doc. No. 5), and (3) Plaintiff's Motion to Strike Defendant's Motion for a More Definite Statement (Doc. No. 6). Defendant has filed a Response in opposition to Plaintiff's Motion to Remand. *See* Doc. No. 10. No other responses were submitted.

    I.    *Plaintiff's Motion to Remand*

Plaintiff first seeks remand of this action on the basis that Defendant's counsel failed to file an entry of appearance or seek leave to appear pro hac vice as prescribed by the Court's local rules. *See* Pl.'s Mot. Remand (Doc. No. 5) at 1. Plaintiff has provided no authority suggesting that remand is appropriate based on a party's failure to comply with local rules, and Defendant's counsel has since entered an appearance in this case. *See* Doc. No. 7.

Plaintiff next asserts that remand is required because Defendant failed to file "all process, pleadings, and orders served upon [the] defendant" pursuant to 28 U.S.C. §

1446(a).  28 U.S.C. § 1446(a); *see* Pl.'s Mot. Remand at 1.  Yet, the Tenth Circuit has adopted the "majority view . . . that a removing party's failure to attach[] the required state court papers to a notice of removal is a mere procedural defect that is curable" and does not necessitate remand.  *Countryman v. Famers Ins. Exch.*, 639 F.3d 1270, 1272-73 (10th Cir. 2011).  Further, there is no indication from the record that any document required under § 1446(a) is absent, and Plaintiff has failed to specify which document or documents it believes were erroneously excluded.  *See* Notice of Removal Exs. (Doc. Nos. 1-1, 1-2, 1-3); Def.'s Resp. Ex. 3 (Doc. No. 10-3).

Accordingly, Plaintiff has failed to show that remand is required.

II.   *Defendant's Motion for a More Definite Statement and Plaintiff's Motion to Strike*

In its pleading, Plaintiff alleges that it "entered into a contract with defendant to deliver various blended oils and other materials to defendant," "provided the required services and materials," and Defendant breached the agreement by failing to pay Plaintiff the $191,856.20 due under the contract.  Pet. (Doc. No. 1-1) at 3.  Plaintiff further alleges that the parties "entered into a Non-Circumvent and Non-Disclosure Agreement on or about September 13, 2019," which has since expired, and that "compliance with this agreement subsequent to defendant's breach of contract has resulted in additional damage to plaintiff."  *Id.*

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendant has moved for a more definite statement.  Defendant asserts that Plaintiff's allegations fail to advise it of the specific terms of the contracts or of the manner in which Plaintiff's

continued compliance with the Non-Circumvent and Non-Disclosure Agreement has resulted in additional damages.  *See* Def.'s Mot. (Doc. No. 2) at 1-4.  Defendant contends that it would be prejudiced if required to answer the Petition in its current form because the pleading is so ambiguous that Defendant cannot determine what defenses may apply.  *See id.* at 3-4.

Plaintiff did not submit a response to the Motion but instead moved for the Court to strike the motion as premature because Defendant's counsel had not yet entered an appearance.  The Court declines to strike Defendant's Motion on this basis.  Defendant's counsel entered his appearance shortly after Plaintiff's Motion was filed.  *See* Doc. No. 7.  Accordingly, the Court denies Plaintiff's Motion to Strike.

Turning to the merits of Defendant's Motion, the Court determines that a more definite statement is not required.  A party may move for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "Motions for a more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response."  *Williams v. United States*, No. CIV-16-139-D, 2017 WL 2684082, at *2 (W.D. Okla. June 21, 2017) (internal quotation marks omitted).  "A motion for more definite statement should not be granted merely because the pleading lacks detail." *Id.* (internal quotation marks omitted).  Here, Plaintiff's allegations give Defendant adequate notice of the claim against it and the grounds upon which the claim rests.  The details Defendant seeks may be explored and identified through

3

discovery. Further, Defendant is not precluded from amending its responsive pleading with leave of court, should Defendant identify additional defenses during discovery.

Accordingly, the Court denies Defendant's request for a more definite statement under Rule 12(e).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for a More Definite Statement (Doc. No. 2), Plaintiff's Motion to Remand (Doc. No. 5), and Plaintiff's Motion to Strike Defendant's Motion for a More Definite Statement (Doc. No. 6) are DENIED.

IT IS SO ORDERED this 13th day of September, 2021.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge